Plaintiff brought this suit to recover $189.01 damages sustained by her automobile on March 7, 1944 at about 8:30 a.m., when the right side of the car was either struck by or collided with the rear of defendant's truck, which was being backed out of a driveway into the roadway of Galvez Street at the time plaintiff's car was passing. She alleges that she was driving her automobile on Galvez Street in the direction of Touro Street, or towards the downtown section of the city, at a speed not exceeding 15 miles per hour, when defendant's truck was suddenly backed into the street from his driveway on the riverside thereof and collided with her car and that the accident was due to the negligence of the truck driver who failed to keep a proper lookout before backing the truck into Galvez Street.
Defendant admits the accident but resists liability for the damage. He denies that his employee was at fault and avers that the backing operation was pursued with care and caution; that, when the rear of the truck had reached a point approximately even with the line of the curb on the riverside of the street, the driver brought it to a stop for the reason that there was a bus of the New Orleans Public Service, which was travelling in the direction of Pauger Street, or uptown, approaching the driveway at the time the backing operation was taking place; that, while his truck was thus stopped with its rear adjacent to the curb as aforesaid, plaintiff's car, which was being driven in a downtown direction, or towards Touro Street, at a fast rate of speed, attempted to pass thru the space remaining in the roadway, which had been considerably narrowed due to the presence of the bus coming from the opposite direction and that, in so doing, plaintiff veered her car too close to the driveway, where the truck was stopped, with the result that the right side of the body of the automobile scraped against the left rear corner of the truck causing slight damage to the former. Defendant charges that the accident occurred solely through plaintiff's negligence, in attempting to squeeze in between the rear of the stopped truck and the bus and pleads alternatively that, if it should be found that his truck driver was at fault in any particular, plaintiff was guilty of contributory negligence.
After a trial in the First City Court on the foregoing issues, there was judgment in plaintiff's favor as prayed for. Defendant has appealed.
The scene of the accident is the roadway of Galvez Street in the square bounded on the south by Pauger Street and on the north by Touro Street. Galvez Street, at the point of the accident, is a two-way paved street, 26 feet eight inches wide, accommodating traffic travelling in a downtown direction or towards Touro Street, as well as vehicles proceeding uptown or in the direction of Pauger Street. Defendant operates a place of business on property fronting the riverside of Galvez Street, located in the middle of the block, and his driveway runs from the curb line of the roadway onto his premises. On the day of the accident, defendant's colored truck driver, one Harris, was backing the two and one-half ton stake-bodied truck from the driveway into the street. Defendant testified that he was present during the backing operation and was directing the movements of the truck driver. He states that, as the operation was taking place, he noticed a car parked on the opposite or lakeside of the street from the entrance of his driveway; that he also observed a bus, operated by New Orleans Public Service, travelling towards Pauger Street, or uptown, approaching the parked automobile and within the immediate vicinity of his driveway at the time the backing operation was taking place; that, in view of this, he signaled to his driver to, stop; that the driver obeyed his command and stopped the truck over the sidewalk crossing of the driveway with its rear end *Page 55 
approximately even with the riverside curb of the roadway; that, as the truck was thus stopped, he saw plaintiff approaching in her car from the direction of Pauger Street and travelling towards Touro Street; that, despite the fact that the lakeside of the roadway was blocked by the parked automobile and the Public Service bus which was travelling in the opposite direction, plaintiff failed to slow down but, on the contrary, continued at unabated pace and that, while attempting to squeeze through the portion of the street not occupied, she veered her car so close to the riverside curb that the right side thereof "scratched" against the rear end of his truck, thus causing the damage of which she complains. Defendant's testimony respecting the position of his truck at the time of the accident is corroborated by the evidence of Harris, the truck driver.
Plaintiff is a colored teacher and, on the day of the accident, was driving to school accompanied by two other teachers. She says that she was travelling at a speed not exceeding 15 miles per hour for the reason that she was approaching a school traffic zone, which begins at the corner of Galvez and Touro Streets; that there was no traffic whatever on the street except the car referred to in defendant's testimony which she asserts was parked near the corner of Touro Street and not in the immediate vicinity of defendant's driveway; that, just as she was passing defendant's driveway, his truck suddenly backed out into the street and struck her automobile; that she was travelling about one and one-half or two feet from the riverside curbing of the street; that she did not see the truck until it actually made contact with the right side of her car and that she brought her car to a stop at a point two or three feet distant from the Touro Street side of defendant's driveway immediately after the collision. She denies that there was a New Orleans Public Service bus approaching from the opposite direction and says that the only bus on the street was one which was following her car and that, after the collision, the bus was unable to pass due to the fact that the truck was occupying the middle of the street. She further says that, immediately after the impact, she got out of her car and confronted the defendant; that he accused her of speeding and stated that she was attempting to pass the bus at the time of the accident.
In support of her testimony, plaintiff produced her two friends, Agnes Gentry and Alice Benjamin, who were passengers in the rear of her car at the time of the accident. These witnesses corroborate plaintiff's statement to the effect that defendant's truck was backed out of the driveway suddenly and say that they did not see it until it crashed into the side of the car. They further state that they did not notice any traffic on the street in the vicinity of the place where the accident occurred, denying the presence either of the automobile parked on the lakeside of the street or of the Public Service bus coming from the opposite direction. They state, however, that there was a Public Service bus following plaintiff's car. They further assert that they do not know the position of the truck immediately after the accident and declare that, when they first noticed it, it was in defendant's driveway.
The other witness testifying for plaintiff was H.L. Landry, Service Manager of Canal Chevrolet Company, who made an estimate of $189.01 to repair the damaged car. Mr. Landry stated that the right side door and rear fender were pretty badly damaged and that the damage was in the nature of a cut which extended from the front of the right door and went back. In his words "It looked like it was from a can opener."
It will be observed from the foregoing testimony that the versions of the accident given by the opposing litigants are absolutely irreconcilable. Under such conditions, an examination of the physical facts of the case is most helpful in discovering which witness or set of witnesses is telling the truth. Resort to this well-recognized method of evaluating conflicting testimony makes it manifest that plaintiff's version of the mishap cannot be accepted. She would have us believe that, while she was driving along Galvez Street at a slow speed, defendant's car was backed suddenly out of the driveway and collided with *Page 56 
the right side of her automobile. Yet, according to her own statement, she brought her car to a stop near the riverside curb not more than two or three feet beyond the driveway out of which the truck had been driven in reverse. If her car had been struck by the large truck in the manner claimed, it would have been wholly impossible for her automobile to be brought to a stop abutting the riverside curb and at a distance not exceeding three feet beyond the point of impact. On the other hand, if plaintiff brought her car to a stop in the manner and at the place indicated by her statement, it is likely that the accident occurred substantially in accordance with defendant's version — that is, that, in attempting to pass between the space in the street not occupied by the Public Service bus which was coming from the opposite direction and which was passing the parked automobile, plaintiff veered her car too closely to the curbing abutting the roadway where the rear end of defendant's truck was stationed and that, in doing so, the right side of her car scraped against the rear end of the truck which had the effect of slowing the forward motion of the car and enabled her to stop it on the right hand side of the road near the point of impact.
This conclusion is fortified by the evidence concerning the nature of the damage sustained by plaintiff's car. Her own witness asserts that the side door had a cut in it extending from the front to the rear as though some one had used a can opener. This evidence tallies with defendant's statement that the side of the car scraped the rear end of the truck and is destructive of the testimony of plaintiff and her witnesses that the large truck suddenly backed into the side of her car while it was passing defendant's driveway. It seems plain to us that, if the accident occurred in the manner described by plaintiff, the entire right side of the body of her automobile would have been dented and that it would have been wholly impossible for it to be brought to rest at the point she claims.
Since we are of the opinion that the physical facts of the case support defendant's testimony, we hold him blameless in the premises.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered that plaintiff's suit be dismissed at her costs.